HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN EDWARD CARTER,

    Plaintiff,

v.

DEPARTMENT OF THE ARMY BOARD FOR THE CORRECTION OF MILITARY RECORDS,

    Defendant.

Case No. C08-5459 RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Plaintiff's Motion for Default [Dkt. #11]. Having considered the entirety of the records and files herein, the Court finds and rules as follows:

Plaintiff filed his complaint against the Department of the Army, Board for the Correction of Military Records on July 21, 2008. On December 1, 2008, he moved for default and on December 31, 2008, the Court denied his motion because he failed to properly serve an agency of the United States. On January 22, 2009, plaintiff requested a 30-day extension of time to effect service which was granted by minute order on February 2, 2009. On March 2, 2009, plaintiff filed Affidavits of Service showing that on February 28, 2009 he served by certified mail a summons and complaint on the Department of the Army, Board for the Correction of Military Records. The Affidavit of Service further indicates that on March 2, 2009 he also sent the summons and complaint to the Office of the Attorney General, Civil Rights Division. [Dkt. #10]

The Affidavits of Mailing filed in conjunction with the pending motion for default present a different picture, however. On August 10, 2009, plaintiff filed two Affidavits of Service. The first indicates that he sent by certified mail a "letter" to the Attorney Generally originally on February 3, 2009 and re-sent a "letter and copy of the file" on May 11, 2009. [Dkt.#12.] The second indicates that on June 11, 2009 he sent by certified mail a copy of the summons and complaint to the Department of the Army, Board of Correction of Military Records and to the Department of the Army Litigation Division. [Dkt. #13.]

Under Federal Rule of Civil Procedure 4, the plaintiff is responsible for having the summons and complaint served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(b), (m). If the defendant is not served within 120 days, the Court must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Under Federal Rule of Civil Procedure 4(i), the plaintiff must follow special procedures when he is attempting to serve the United States or an agency of the United States. Fed. R. Civ. P. 4(i). To serve an agency of the United States, the plaintiff must serve the United States as outlined in Fed. R. Civ. P. 4(i)(1) and send a copy of the summons and of the complaint by registered or certified mail to the agency. Fed. R. Civ. P. 4(i)(2). To serve the United States, the plaintiff must:

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
>
> (ii) send a copy of each by registered mail or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

If service has been properly made, then the plaintiff must provide the court with proof of service by affidavit. Fed. R. Civ. P. 4(1).

In this case, plaintiff has not provided proof of service on the United States Attorney for this district. Moreover, it has been substantially more than 120 days since plaintiff filed the complaint. The

1  Court notes that plaintiff previously filed a complaint alleging substantially the same claims against the
2  Department of the Army, Board for the Correction of Military Records in this district court. That case
3  was assigned to the Honorable Robert J. Bryan. Judge Bryan, after explicitly informing the plaintiff of
4  his obligations to properly serve the United States, dismissed the matter without prejudice because
5  plaintiff failed to provide proof of service on either the Attorney General of the United States or the
6  United States Attorney for this district. [*See* C07-5433 RJB, Dkt. #'s 18, 23.] It is therefore

**ORDERED** that not later than **October 23, 2009**, plaintiff must either **PROVIDE PROOF OF SERVICE** on the United States Attorney for this district to the Court or show cause why an extension to provide service should be granted. The proof of service must be consistent with the procedures outlined above. If plaintiff fails to provide proof of service by October 23, 2009, or show cause for an extension, the Court will dismiss this case without prejudice.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

IT IS SO ORDERED this 29th day of September, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE